UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTORIA TOENSING, *et al.*

                Plaintiffs,

          v.

UNITED STATES
DEPARTMENT OF JUSTICE,

                Defendant.

Civil Action No. 11-1215 (BAH)

Judge Beryl A. Howell

**MEMORANDUM OPINION**

       The plaintiffs, Victoria Toensing and Joseph diGenova ("the plaintiffs"), have spent more than six years attempting to obtain records under the Freedom of Information Act, 5 U.S.C. § 552, pertaining to grand jury subpoenas issued to them in 2003. Pending before the Court are the plaintiffs' and the defendant Department of Justice's ("the defendant") second round of cross motions for summary judgment, ECF Nos. 29 and 31. For the reasons set forth below, the defendant's motion is granted and the plaintiffs' motion is denied.

**I.    BACKGROUND**

       The factual history of this case has been laid out in detail in this Court's prior Memorandum Opinion and need not be repeated here. *See Toensing v. U.S. Dep't of Justice*, 890 F. Supp. 2d 121, 124–130 (D.D.C. 2012). The facts and procedural history pertinent to the instant motions are as follows. In *Toensing*, the defendant was ordered to perform a supplementary search for records responsive to the plaintiffs' FOIA request of June 19, 2007, submitted to the Executive Office of the United States Attorney ("EOUSA"). *See id.* at 149. This request sought the following categories of records: (1) "The subpoena of Joseph diGenova and/or Victoria Toensing to testify against their client, Thomas P. Gordon, including but not

1

limited to all memoranda related to such requests and meeting notes;" (2) "All responses and internal memoranda regarding such requests to subpoena diGenova and/or Toensing, including e-mails and any other electronic communication; and" (3) "All calendar entries regarding requests or decisions to subpoena diGenova and/or Toensing." *Id.* at 126. The request pertains to an investigation initiated by then-U.S. Attorney for the District of Delaware Colm Connolly, in which the plaintiffs allege they were improperly and surreptitiously tape recorded and subpoenaed to appear before a grand jury in an effort to compel their disqualification from representing one of their clients. *See* Pls.' Mem. Supp. Renewed Cross-Mot. Summ. J. & Opp'n Def.'s Suppl. Mot. Summ. J. ("Pls.' Mem.") at 3–6, ECF No. 31-2; *Toensing*, 890 F. Supp. 2d at 125–26.

A supplementary search pertaining to the plaintiffs' request was ordered because "in conducting the 2007 EOUSA search, [Connolly] was instructed by the EOUSA not to forward six categories of documents in response to the plaintiffs' request." *Toensing*, 890 F. Supp. 2d at 126. "The six categories included (1) drafts of papers filed with the DOJ's Office of Professional Responsibility, (2) drafts of Mr. Connolly's responses to a Senate Questionnaire, (3) grand jury records, (4) court filings submitted under seal, (5) drafts of court filings submitted under seal or submitted *ex parte*, and (6) duplicate documents." *Id.* at 126 n.2. The Court noted that the "defendant is perhaps justified in inferring that these six categories of documents would be categorically exempt from production under one of more FOIA exemptions, but the fact that a category of documents is likely to be exempt from disclosure does not allow an agency to preemptively exclude such a category of documents from its search." *Id*. at 147. Nevertheless, the defendant admitted that these categories of records "were not searched," thereby making the

2

defendant's search for records responsive to the plaintiff's 2007 request inadequate under the FOIA. *See id.* at 147–48.

The supplementary search yielded "six additional responsive records," all of which are detailed in a supplemental *Vaughn* index submitted by the defendant, and withheld in full under FOIA Exemption 3 and in part under Exemption 7(C), 5 U.S.C. §§ 552(b)(3), (b)(7)(C). *See* Suppl. Decl. of John F. Boseker, Attorney Advisor, EOUSA ("Suppl. Boseker Decl.") at 1 and Attach. 1 ("Suppl. *Vaughn* Index"), ECF No. 29-2. All but Document Six are also being withheld in full under Exemption 5, 5 U.S.C. §§ 552(b)(5). *See id.* Following this supplementary search, the plaintiff dropped its challenge to the adequacy of the search but now challenges the withholding in full of the six documents, totaling 174 pages, yielded by the search. *See* Joint Report ¶ 3, ECF No. 28; Suppl. *Vaughn* Index at 1–2.

Document One is an intra-agency email from one Department of Justice ("DOJ") attorney to another that "references review and comment and continuing process of legal evaluation." Suppl. *Vaughn* Index at 1. The document is withheld in full under Exemptions 3 and 5, with portions also withheld under Exemption 7(C). *Id.*

Documents Two, Three, and Five are intra-agency memoranda that discuss, *inter alia*, the authorization of issuing subpoenas to the plaintiffs. *Id.* at 1–2. The three documents were authored by DOJ attorneys and discuss legal analysis as well as grand jury proceedings. *Id.* Each document is being withheld in full under Exemptions 3 and 5, with portions also withheld under Exemption 7(C). *Id.*

Document Four is a draft "of an *ex parte* affidavit to be submitted with Government's Answer to motion to quash" the subpoenas to the plaintiffs. *Id.* at 2. The document is withheld

3

in full under Exemption 3 and Exemption 5, with portions also withheld under Exemption 7(C). *Id.*

Document Six is a sealed court filing "that discussed the grand jury investigation in detail." *Id.* "The substance of the filing concerns matters occurring before the grand jury, and has attachments supporting the sealed filing." *Id.* The document is withheld in full under Exemption 3, with portions withheld under Exemption 7(C).

Both parties have moved for summary judgment and supplemented their motions with additional declarations. *See* Def.'s Suppl. Mot. Summ. J., ECF No. 29; Pl.'s Cross Mot. for Summ J., ECF No. 31. These motions are now ripe for decision.

## II. LEGAL STANDARD

### A. FOIA

The FOIA requires federal agencies to release all non-exempt agency records responsive to a request for production. *See* 5 U.S.C. § 552(a)(3)(A). Federal courts are authorized under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

To protect "legitimate governmental and private interests [that] could be harmed by release of certain types of information," *United Techs. Corp. v. U.S. Dep't of Def.*, 601 F.3d 557, 559 (D.C. Cir. 2010) (internal quotation marks omitted), Congress included nine exemptions permitting agencies to withhold information from FOIA disclosure. *See* 5 U.S.C. § 552(b). "These exemptions are explicitly made exclusive, and must be narrowly construed." *Milner v. U.S. Dep't of the Navy*, 131 S. Ct. 1259, 1262 (2011) (citations and internal quotation marks omitted); *see also Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010) ("FOIA allows agencies to withhold only those documents that fall under one of nine specific exemptions, which are construed narrowly in keeping with FOIA's presumption in favor

4

of disclosure.") (citations omitted). When a FOIA requester properly exhausts its administrative remedies, it may file a civil action challenging an agency's response to its request. *See* 5 U.S.C. § 552(a)(4)(B); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Once such an action is filed, the agency generally has the burden of demonstrating that its response to the plaintiff's FOIA request was appropriate. *See id.* at 678.

### B. Summary Judgment

It is typically appropriate to resolve FOIA cases on summary judgment. *See Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011) ("the vast majority of FOIA cases can be resolved on summary judgment"). When an agency's response to a FOIA request is to withhold responsive records, either in whole or in part, the agency "bears the burden of proving the applicability of claimed exemptions." *Am. Civil Liberties Union v. U.S. Dep't of Def.* ("*ACLU/DOD*"), 628 F.3d 612, 619 (D.C. Cir. 2011). The government may sustain its burden of establishing that requested records were appropriately withheld through the submission of declarations detailing the reason that a FOIA exemption applies, along with an index, as necessary, describing the materials withheld. *See, e.g.*, *ACLU/DOD*, 628 F.3d at 619; *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 840 (D.C. Cir. 2001); *Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU/DOD*, 628 F.3d at 619. As the D.C. Circuit recently explained, in FOIA cases "'[s]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by

evidence of agency bad faith.'" *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (quoting *Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006) and *Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994)). While the burden remains on the moving party to demonstrate that there is an "absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), in FOIA cases, "an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *ACLU/DOD*, 628 F.3d at 619 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## III. DISCUSSION

The defendant is withholding in full six responsive documents found in the supplementary search under FOIA Exemption 3, which prohibits disclosure of grand jury protected material under Federal Rule of Criminal Procedure 6(e), and in part under FOIA Exemption 7(C) as documents "compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* 5 U.S.C. §§ 552(b)(3), (b)(7)(C); Suppl. *Vaughn* Index. Documents One through Five are also being withheld in full pursuant to FOIA Exemption 5, as privileged attorney work product and protected by the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5); Suppl. *Vaughn* Index. Since Documents One through Five are properly withheld under the attorney work product privilege encompassed by Exemption 5, it is unnecessary to review the defendant's other grounds for withholding those documents. Similarly, Document Six is properly withheld under Exemption 3, which makes discussion of this document's withholding under Exemption 7(C) unnecessary.

## A. Withholdings Under Exemption 5 (Documents 1-5)

Under Exemption 5, agencies are not required to disclose in response to a FOIA request "matters that are . . . inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Two conditions must be met for a record to qualify for this exemption and be withheld: "its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n* ("*Klamath Water*"), 532 U.S. 1, 8 (2001); *see also Nat'l Inst. of Military Justice v. Dep't of Defense*, 512 F.3d 677, 680, 680 n.4 (D.C. Cir. 2008) (noting records withheld under Exemption 5 must be inter- or intra-agency records "'unavailable by law' under one of the established civil discovery privileges."). The Supreme Court has explained that "the first condition of Exemption 5 is no less important than the second; the communication must be 'inter-agency or intra-agency.'" *Klamath Water*, 532 U.S. at 9. In the instant case, neither party disputes that Documents One through Five are "inter-agency or intra-agency memorandums," nor does the supplemental *Vaughn* index indicate otherwise. *See* Suppl. *Vaughn* Index at 1–2. The only dispute, therefore, is whether these five documents are properly withheld under a "privilege against discovery."

The second condition incorporates those civil discovery privileges enjoyed by any private party in litigation, including the attorney-client and attorney work product privileges. *See Klamath Water*, 532 U.S. at 8; *NLRB v. Sears, Roebuck & Co.* ("*Sears*"), 421 U.S. 132, 149 (1975); *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006); *Rockwell Int'l Corp. v. U.S. Dep't of Justice*, 235 F.3d 598, 601 (D.C. Cir. 2001). Nevertheless, "[i]n keeping with the Act's policy of the fullest responsible disclosure . . . Congress intended Exemption 5 to be as narrow as is consistent with efficient Government operations." *FTC v.*

7

*Grolier, Inc*., 462 U.S. 19, 23 (1983)**;** *see also Sears*, 421 U.S. at 149 ("[I]t is reasonable to construe Exemption 5 to exempt those documents, and only those documents, normally privileged in the civil discovery context."); *Coastal States Gas Corp. v. U.S. Dep't of Energy ("Coastal States")*, 617 F.2d 854, 862 (D.C. Cir. 1980) ("The clear purpose of FOIA is to assure that the public has access to all government documents, subject to only nine specific limitations, to be narrowly interpreted.").

The starting place for evaluating the scope of the attorney work product doctrine is Federal Rule of Civil Procedure 26(b)(3), which protects "ordinarily," those "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . ." FED. R. CIV. P. 26(b)(3)(A). As the Supreme Court explained, "[i]t makes little difference whether a privilege is absolute or qualified in determining how it translates into a discrete category of documents that Congress intended to exempt from disclosure under Exemption 5. Whether its immunity from discovery is absolute or qualified, a protected document cannot be said to be subject to 'routine' disclosure." *Grolier*, 462 U.S. at 28. For purposes of withholding FOIA requested records, the "test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance." *Id*. at 26 (quoting *Sears*, 421 U.S. at 148-149); *see also Williams & Connolly v. SEC*, 662 F.3d 1240, 1243 (D.C. Cir. 2011) ("Although work product protection may be overcome for cause in civil cases . . . any materials disclosed for cause are not 'routinely' or 'normally' discoverable and, for that reason, are exempt under FOIA.") (citation omitted); *Stonehill v. IRS*, 558 F.3d 534, 538-539 (D.C. Cir. 2009) (noting that "not all documents available in discovery are also available pursuant to FOIA" since "case-specific exceptions can sometimes permit discovery of otherwise privileged material"); *Lardner v. U.S. Dep't of Justice*, No. Civ.A.03-0180, 2005 U.S. Dist.

LEXIS 5465, at *6 (D.D.C. Mar. 31, 2005) (citing the "divide between the rules of FOIA and civil discovery," and noting that "[t]here will be many cases in which a document should be withheld under Exemption 5 of FOIA because it falls 'within the ambit' of a privilege, but the document nonetheless would be discoverable in certain circumstances in civil litigation").

In applying the work product doctrine, the D.C. Circuit has instructed that, it "should be interpreted broadly and held largely inviolate." *Judicial Watch v. U.S. Dep't of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005). This is consistent with the policy underpinnings articulated by the Supreme Court that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). The work product doctrine can apply to preparatory work performed not only by attorneys, but also, in some circumstances by nonlawyers, *United States v. Nobles*, 422 U.S. 225, 238-239 (1975), and "does not distinguish between factual and deliberative material," *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1187 (D.C. Cir. 1987). This is because, in the context of work product, the risk is apparent that an attorney's discussion of factual matters may reveal his or her tactical or strategic thoughts. *See Mervin v. FTC*, 591 F.2d 821, 825–26 (D.C. Cir. 1978) (noting that "even the factual material segregated from attorney work-product is likely to reveal some of the attorney's tactical and strategic thoughts" and that while "pure statements of fact" are not exempt "from disclosure by calling them attorney work-product . . . material which might disclose an attorney's appraisal of factual evidence is attorney work-product exempted from disclosure by exemption 5"). Thus, "[a]ny part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under exemption 5." *Tax Analysts v. IRS*, 117 F.3d 607, 620 (D.C. Cir. 1997); *see also Judicial Watch, Inc. v. U.S. Dep't of Justice*, 800 F. Supp. 2d 202, 211

9

n.7 (D.D.C. 2011) (holding that distinction between "fact" work product and "opinion" work product does not apply in FOIA context since protection of Exemption 5 extends to both).

The defendant asserts that Documents One through Five are properly withheld as attorney work product because they "reflect such matters as trial preparation, trial strategy, legal interpretations, and personal evaluations and opinions by Assistant United States Attorneys and the United States Attorney pertinent to grand jury investigation and subpoenas relating to a third party criminal case." Decl. of John F. Boseker, Atty. Advisor, EOUSA, ¶ 52 ("Boseker Decl."), ECF No. 12-1; Suppl. Boseker Decl. ¶ 1–2. The description of each document confirms that they were prepared "in anticipation of litigation" and were authored by DOJ Attorneys. *See* Suppl. *Vaughn* Index at 1–2. For instance, the description of Document One indicates that the document is "an intra-agency email discussing the request for authorization to subpoena Plaintiffs and legal analysis regarding the grand jury subpoena's issuance." *Id.* Each of the other document descriptions for Documents Two through Five indicates that they, too, are inter- or intra-agency memoranda that contain legal analysis and attorney opinions. *See id.*

The plaintiffs' primary objection to the defendant's withholding is premised on alleged misconduct committed by the U.S. Attorney's office and that office's alleged failure to follow DOJ guidelines. *See* Pls.' Mem. at 17–18, ECF No. 31–2; Decl. of Victoria Toensing ("Toensing Decl.") (Feb. 27, 2012) ¶¶ 45–46, ECF No. 31–4.[1] The plaintiffs detail the practices they believe constitute misconduct, including the attempted tape recording of Plaintiff Toensing, *see* Pls.' Mem. at 4, attempts to intimidate and disqualify the plaintiffs, *see* Pls.' Mem. at 5–6,

---

[1] The plaintiffs also submitted a declaration from Hamilton P. Fox, III, another attorney involved in the litigation that gave rise to the original subpoenas, to bolster their view of the U.S. Attorney's alleged misconduct, since Fox was also disqualified from representing a long-standing client, who was subject to the grand jury investigation. *See* Decl. of Hamilton P. Fox, III ("Fox Decl.") ¶¶ 6, 10, ECF No. 31–3. This declaration does not, however, provide additional information about the propriety of the various exemptions claimed by the defendant and, as such, need not be discussed further.

and grand jury subpoenas for information pertaining to the plaintiffs' client, *see id*. While attorney misconduct or unprofessional behavior may vitiate the work product doctrine in some circumstances, *see In re Sealed Case*, 107 F.3d 46, 51 (D.C. Cir. 1997) ("[I]nterests in favor of work product immunity are overcome when the client uses the attorney to further a crime or fraud."), in the FOIA context, such an argument is unavailing. As the defendant points out, after *Grolier*, 462 U.S. at 28, courts need not consider whether certain documents might be discoverable "in any particular litigation" before determining if the documents may be withheld under Exemption 5. Rather, courts must determine if "the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance." *Id.* at 26. Quite simply, whether the people who created these documents engaged in some misconduct or failed to comply with Department of Justice guidelines is irrelevant to determining whether the documents are appropriately withheld under Exemption 5, since exceptions to discovery privileges are not properly considered under Exemption 5. *Id.*

Indeed, the defendant makes a strong argument on this score in its reply when it notes that "[t]his case illustrates the wisdom of having such a 'workable' rule to govern work product protection in FOIA cases." Def.'s Reply Supp. Def.'s Mot. Summ. J. & Mem. Opp'n Pls.' Mot. Summ. J. ("Def.'s Reply") at 10, ECF No. 32. If the Court were required to consider the applicability of any possible exception to privileges asserted under Exemption 5, the result would be protracted FOIA litigation in which the parties would have to brief, with evidentiary support, myriad counter-factuals to determine whether a conceivable set of facts exist to overcome the privilege. This would essentially require an examination of facts specific to the challenge to the assertion of the privilege in order to resolve application of Exemption 5 in a FOIA case. It was exactly this result about which the Supreme Court expressed concern in *Grolier* and which it

11

categorically rejected. *See Grolier*, 462 U.S. at 28. "Only by construing the exemption to provide a categorical rule can the [FOIA's] purpose of expediting disclosure by means of workable rules be furthered." *Id.*

The plaintiffs rely upon *Moody v. IRS*, 654 F.2d 795, 800 (D.C. Cir. 1981), a case that pre-dates *Grolier*, to bolster their argument that exceptions to the attorney work product privilege should apply to the invocation of the privilege under Exemption 5 in the FOIA context. *See* Pls.' Mem. at 18.; Pls.' Reply to Def.'s Reply Supp. Mot. Summ. J. & Opp'n to Pls.' Cross-Mot. Summ. J. ("Pls.' Reply") at 9, ECF No. 35. *Moody* is an excellent example of what the Supreme Court was attempting to prevent with *Grolier*. In *Moody*, the FOIA requestor challenged the withholding under Exemption 5's work product doctrine of a responsive document on grounds that the document was "the fruit of impermissible legal conduct," arguing that before application of the doctrine to "cover-up" the allegedly unprofessional activities a determination had to be made "whether the actions of the [government] attorney in fact violated professional standards." *Moody*, 654 F.2d at 799-800. The D.C. Circuit agreed and remanded the case to the district court with instructions to conduct "an evaluation of the attorney's conduct and, if it is found in violation of professional standards, a determination of whether his breach of professional standards vitiated the work product privilege otherwise attributable" to one of the documents at issue. *Id.* at 801.

Thus, *Moody* demonstrated the accuracy of the Supreme Court's animating concern in *Grolier* that "[t]he logical result of [the plaintiffs'] position is that whenever work-product documents would be discoverable in any particular litigation, they must be disclosed to anyone under the FOIA." *Grolier*, 462 U.S. at 28. The Court explained that "[i]t is not difficult to imagine litigation in which one party's need for otherwise privileged documents would be

12

sufficient to override the privilege but that does not remove the documents from the category of the *normally* privileged." *Id.* (emphasis in original).[2] Thus, in the instant case, even if misconduct occurred in the U.S. Attorney's office pertaining to the plaintiffs' subpoenas, such misconduct cannot vitiate the attorney work product privilege for the purposes of the FOIA.

The plaintiff also argues that the supplemental *Vaughn* index is insufficient to determine whether the documents listed are subject to the attorney work product privilege. *See* Pls.' Reply at 7. The plaintiffs contend that the supplemental *Vaughn* index does not include "dates of the documents" or the names of the documents' authors, and that the "[d]escriptions of the documents . . . are nothing more than cut, pasted, and edited boilerplate for each of the six (6) documents." *Id.* at 4. This argument, too, is unavailing. It is true that the *Vaughn* index is sparse in the details regarding the names of the documents' authors and recipients, as well as the dates when those documents were created. *See* Suppl. *Vaughn* Index at 1–2. Nevertheless, a *Vaughn* index need only "indicate[] in some descriptive way which documents the agency is withholding and which FOIA exemption it believes apply." *ACLU v. CIA*, 710 F.3d 422, 432 (D.C. Cir. 2013). The D.C. Circuit has made it clear that "a *Vaughn* index may also contain brief or categorical descriptions when necessary to prevent the litigation process from revealing the very information the agency hopes to protect." *Id.* (citing *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006). All that is necessary is a *Vaughn* index that is "'sufficiently distinct to allow a court to determine . . . whether the specific claimed exemptions are properly applied.'"

---

[2] The plaintiffs contend that the D.C. Circuit opinion in *Grolier* supports their position and that *Moody* was not abrogated by *Grolier*, noting that, on one of *Moody*'s return trips to the D.C. Circuit, the case was remanded with instructions to "determine if *Grolier* actually applied to the facts of [*Moody*]" and if "'*Grolier* does not apply, [the district court] should reconsider whether [] conduct may have vitiated the work product privilege.'" Pls.' Reply at 10 n.7. The D.C. Circuit opinion in *Grolier* on which the plaintiffs rely was reversed by the Supreme Court. *See Grolier*, 462 U.S. at 28.

13

*Gallant v. NLRB*, 26 F.3d 168, 173 (D.C. Cir. 1994) (quoting *Vaughn v. United States*, 936 F.2d 862, 868 (6th Cir. 1991)).

In the instant matter, the dates of the documents and the names of their authors are irrelevant to a determination of whether the documents are protected as attorney work product. Each document is identified as having been prepared by Department of Justice attorneys and each document's description adequately explains the nature of the document and why it is subject to the privilege. Thus, the defendant has shown, based on the supplemental *Vaughn* index provided, that Documents One through Five would be shielded as attorney work product in civil litigation, barring vitiation due to an exception or other circumstances, and, as such, are exempt from disclosure under the FOIA.

## B. Withholding Under Exemption 3 (Document 6)

The FOIA's Exemption 3 applies to agency records "specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). For the purposes of this section, Federal Rule of Criminal Procedure 6(e), which prohibits the release of material that "would 'tend to reveal some secret aspect of the grand jury's investigation,' including 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation,' or 'the deliberations or questions of jurors,'" is a "statute." *See Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013) (quoting *Senate of the Commonwealth of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987)). If an agency's "explanation shows that the material is covered by Rule 6(e), the material is in turn covered by Exemption 3." *Id.*

In the instant matter, Document Six "discusses the grand jury investigation [related to the plaintiffs' FOIA request] in detail. The substance of the filing concerns matters occurring before

the grand jury, and has attachments supporting the [judicially] sealed filing." Suppl. *Vaughn* Index at 2. The plaintiffs argue that since this document pertains to a grand jury subpoena that has been made public, including during extensive litigation over the plaintiffs' motion to quash, Document Six would not reveal any secret aspect of grand jury deliberations. *See* Pls.' Reply at 5. Moreover, the plaintiffs argue that "[t]he decision to subpoena counsel, where made based on false statements and carried out in violation of the DOJ Guidelines, should not be protected by FOIA exemptions." *Id.*

The plaintiffs' belief that they were wrongly subpoenaed is simply irrelevant to the applicability of exemptions under the FOIA. A sealed court filing that "discussed the grand jury investigation in detail" would clearly "tend to reveal some secret aspect of the grand jury's investigation." *See Hodge*, 703 F.3d at 580. If taken to its logical conclusion, the plaintiffs' argument would allow the release, under the FOIA, of grand jury records pertaining to an indictment or grand jury subpoena as soon as either such document was made public, a result not sanctioned under the limited disclosure exceptions set out in Federal Rule of Criminal Procedure 6(e)(3). *See* FED. R. CR. P. 6(e)(3) (enumerating limited circumstances under which grand jury information may be released). As such, Document Six is properly withheld as prohibited from disclosure under Rule 6(e) and, consequently, exempt from disclosure under FOIA Exemption 3.

### C. The Withheld Documents Are Not Reasonably Segregable

The defendant has averred that all of the withheld documents are not reasonably segregable and must be withheld in full. *See* Suppl. *Vaughn* Index at 1–2. In the FOIA context "[i]f a document is fully protected as work product, then segregability is not required." *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005). Since Documents One through Five are properly withheld as attorney work product, it is unnecessary to further consider their segregability. As for Document Six, it is clear from the supplemental *Vaughn* index that the

substance of the document concerns matters protected by Federal Rule of Criminal Procedure 6(e), thus supporting the defendant's assertion that this document is not segregable. *See* Suppl *Vaughn* Index at 2.

The plaintiffs request that this Court review the disputed documents *in camera* before ruling on either party's Motion for Summary Judgment. Pls.' Mem. at 18–19. Since the supplemental *Vaughn* index is sufficiently clear to show that the six documents are properly withheld, such a review is unnecessary.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Supplemental Motion for Summary Judgment, ECF No. 29, is granted and the plaintiffs' Cross Motion for Summary Judgment, ECF No. 31, is denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 14, 2013

_____
BERYL A. HOWELL
United States District Judge